IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dmitri Gabryszak, and | ) | |
| Julie Carlock, on behalf of | ) | |
| themselves and all other | ) | |
| plaintiffs similarly | ) | |
| situated, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | Case No.: 1:17-cv-2224 |
| | ) | |
| Aurora Bull Dog Co., | ) | |
|     Defendant. | ) | |

## CLASS ACTION COMPLAINT

NOW COME Plaintiffs Dmitri Gabryszak ("Dmitri") and Julie Carlock ("Julie") on behalf of themselves and all other plaintiffs similarly situated, by and through their attorneys, and for their Class Action Complaint against Aurora Bull Dog Co. ("Aurora Bull Dog") states as follows:

### Parties

1.  Plaintiffs are citizens of Illinois who were employed as servers for Aurora Bull Dog. They both worked at the Defendant's location in New Lennox, Illinois and to a lesser extent at their Bolingbrook, Illinois restaurant.

2.  Defendant Aurora Bull Dog Co. is an Illinois corporation owning and operating several restaurants known as "Bulldog Ale House". Defendant owns several locations in this Judicial District including in Roselle, Carol Stream, New Lennox, North Aurora, Bolingbrook, Rolling Meadows, two locations in Chicago, and McHenry, Illinois.

## Jurisdiction and Venue

3. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

4. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

5. Plaintiffs both began employment with the Defendant in 2016. At all times relevant hereto, the Defendant was the Plaintiffs' "employer" as that term is defined in each of the wage claims at issue in this case.

6. Plaintiffs and other similarly situated servers are paid an hourly wage of $4.95. This is done because the Defendant takes a "tip credit" which under certain circumstances allows tipped employees to be paid a sub-minimum wage.

## Deductions

7. The Defendant makes deductions from its servers, including Plaintiffs, compensations for what the Defendant considers deficient performance ("Mistake Deductions"). By way of example and not limitation, Defendant deducts the cost of food and drink items from the Plaintiffs' and other servers' tips when a mistake is made. For example, if a server makes a mistake and orders more food than a customer ordered (i.e., they "double ring" an item), money is deducted from the Plaintiffs and other servers' tips.

8. On several occasions, Defendant made Mistake Deductions from the Plaintiffs and other similarly situated servers compensation.

9. When Mistake Deductions were made, the Plaintiffs were not permitted to keep all of their tips.

10. Plaintiffs and other similarly situated services did not agree in writing at the time of the deduction that the Defendant could take Mistake Deductions from their pay.

11. The Defendants deduct the cost of clothing, which the Plaintiffs are required to wear, from their pay. The Plaintiffs and other similarly situated servers have not authorized in writing at the time of the deduction the subtraction of money from their paycheck for clothing.

12. Severs are also required to pay various costs associated with doing their job such as obtaining a food handler certificate.

**Time Shaving**

13. The Defendant utilizes an electronic time clock system to record the hours that servers would work.

14. On numerous occasions, the Defendant would adjust the clock-in and clock-out times for the purpose of paying them less. This would result in a sever being paid for less hours than he or she actually worked. In other words, the Defendant would "shave" time off of the hours to pay Plaintiffs and other similarly situated servers less money. The Defendant has in its possession those records that would show the actual hours that the workers were punched in and also has in its possession the actual hours for which the Plaintiffs were paid.

**Off The Clock Work**

15. On a daily basis, Plaintiffs and other similarly situated servers were required to perform work off the clock (i.e., when they were not being paid). At the end of a shift, Plaintiffs would punch out and wait for their manager to cash out. During this time, they had to write "void" on coupons, turn in their coupons, and wait for other severs who were cashing out. This would often require an additional significant amount of time to be worked for free at the end of a shift that was not compensated.

16. Servers were also required as a condition of employment to study for, and take, tests off the clock. These tests include a Beer Test and a food handler certificate test. Servers were not compensated for the time that they studied for, and took, these tests.

## **COLLECTIVE and CLASS ACTION ALLEGATIONS**

17. Plaintiffs seek to maintain this suit as a collective action pursuant to 29 U.S.C. §216(b) and as a class action pursuant to FRCP 23 on behalf of themselves and all other servers who worked uncredited and uncompensated hours, who were paid less than the applicable minimum wage because of a violation of the tip credit requirements, and who had Mistake Deductions or uniform deductions made from their compensation.

18. Plaintiffs and other similarly situated current and former employees in the asserted classes regularly were not paid for all hours actually worked.

19. At all times material to this Complaint, Defendant failed to comply with the FLSA and IMWL in that Plaintiffs and those similarly situated to them performed services for Defendant for which no provision was made by Defendant to pay Plaintiffs and similarly situated persons the correct overtime rate of pay.

20. Defendant has encouraged, permitted, and required the Class to work without properly paying them for all hours worked.

21. There are other current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid compensation, a collective action and a class action are superior procedures for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

22. The records, if any, should be in the custody or control of Defendant concerning the members of the asserted collective, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

23. Plaintiffs will fairly and adequately protect the interests of each proposed class member and have retained counsel that is experienced in class/collective actions and employment litigation. Plaintiffs have no interest that is contrary to, or in conflict with, members of the collective

### COUNT I - FAIR LABOR STANDARDS ACT
(Plaintiffs Individually and on Behalf of All
Similarly Situated Employees Pursuant to 29 U.S.C. §216)

24. The Plaintiffs re-allege and incorporate by reference paragraphs 1-23.

25. At all relevant times, Defendant employed and/or continued to employ Plaintiffs and each member of the proposed classes of hourly employees within the meaning of the FLSA.

26. Defendant failed to compensate Plaintiffs and similarly situated servers the applicable minimum wage. This resulted in employees not receiving compensation and minimum wage for all hours they worked.

27. Although Defendants took a tip credit in paying hourly wages to Plaintiffs and proposed Collective members, Defendants failed to comply with the predicate requirements under the Act. 29 U.S.C. §203(m).

28. Defendants failed to inform the Plaintiffs and similarly situated other servers of the provisions of the tip credit subsection.

29. Defendants failed to permit Plaintiffs and similarly situated servers to keep all tips received, in that Defendants utilized the tips to pay for general costs of operation such as mistakes in entering food into the Defendant's food ordering system.

30. By engaging in Time Shaving, the Defendant did not pay all of the hours that the servers worked in excess of 40 in a work week and failed to pay the applicable minimum wage.

WHEREFORE, the Plaintiffs request the following relief, individually and on behalf of similarly situated employees:

A. Compensation in the amount of the owed minimum wages for all time worked by Plaintiffs;

B. An additional amount equal as liquidated damages;

C. Prejudgment interest;

D. Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

E. Such other and further relief as this Court deems appropriate and just.

**COUNT II - ILLINOIS MINIMUM WAGE LAW**
(Plaintiffs Individually and on Behalf of All
Similarly Situated Employees Pursuant to Fed. R. Civ. Pro. 23)

31. Plaintiff hereby alleges and incorporates Paragraph 1 through 30 of this Complaint, as is fully set forth herein.

32. This count arises from Defendant's willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.,* its failure to pay Plaintiffs and the class of tipped employees that they represent all their earned minimum wages. Plaintiffs and the class are current and former server employees of Defendant who are due, and who have not been paid, minimum wages under the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* Plaintiffs bring this Count as a class action under Rule 23. Fed. R. Civ. P. 23.

33. Defendant violated the IMWL by failing to compensate Plaintiffs and member of the proposed class for all hours worked and failed to pay wages consistent with the minimum wage provisions.

34. As a result of Defendant's violation of the tip credit provision that would otherwise allow it to utilize a tip credit, Plaintiffs and similarly situated employees have been damaged in that they have not received minimum wages due to them pursuant to the IMWL and further because they have not been paid for all hours worked in excess of 40 in individual work weeks.

WHEREFORE, Plaintiffs request the following relief:

- A. Certification of a class of similarly situated Plaintiffs defined as all current and former hourly employee servers of Defendants in the State of Illinois who were paid below the applicable minimum wage. The relevant time period is for work performed the three (3) years preceding this lawsuit to the day of trial.
- B. A declaratory judgment that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff and the Class;
- C. A declaratory judgment that Defendants' violations of the IMWL were willful;
- D. A judgment to Plaintiffs and the Class in the amount of unpaid wages;
- E. A judgment to the Plaintiffs and the Class of punitive damages as provided by IMWL;
- F. A judgment to Plaintiffs and those similarly situated of reasonable attorneys' fees and costs incurred in filing this action; and
- G. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
(Plaintiffs Individually and on Behalf of All
Similarly Situated Employees Pursuant to Fed. R. Civ. Pro. 23)

35. Plaintiffs hereby allege and incorporate Paragraphs 1 through 34 of this Complaint, as is fully set forth herein.

36. This count arises from Defendant's violation of the IWPCA, 820 ILCS 115.

37. 820 ILCS §115/4 provides in part that"[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

38. 820 ILCS 115/9 provides as follows:

> Except as hereinafter provided, **deductions by employers from wages or final compensation are prohibited** unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made; (5) [made by certain governmental entities]. (emphasis added)

39. By making deductions referenced herein for uniforms and Mistake Deductions, Defendants failed to pay Plaintiffs and members of the Class wages earned.

40. The foregoing actions of Defendants constitute violations of Illinois Wage Payment and Collection Act, 820 ILCS § 115/3 et seq. Defendants' actions were willful and not in good faith.

41. Defendants are liable to Plaintiffs and the Class for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS § 115 et seq. and the Illinois Code of Civil Procedure 735 ILCS §5/2-801 and §5/2-802.

42. Likewise, while the Defendant agreed to pay the Plaintiffs and other similarly situated class members a sub-minimum wage of $4.95 per hour for all hours worked, and told them tht they would be paid this amount, they in fact violated this agreement by engaging in Time Shaving.

WHEREFORE, Plaintiffs request the following relief, individually and on behalf of similarly situated employees:

A.    Certification of a class of similarly situated Plaintiffs defined as all current and former servers of Defendant in the State of Illinois who had a Mistake Deduction or a uniform deduction made from their pay or had time shaved from their pay. The relevant time period is for work performed within the ten years preceding this lawsuit to the day of trial;

B.    A declaratory judgment that Defendant violated the IWPCA as to the Plaintiff and the Class;

C.    A declaratory judgment that Defendant's violations of the IWPCA were willful;

D.    A judgment to Plaintiffs and the Class in the amount of unpaid wages;

E.    A judgment to Plaintiffs and the Class of punitive damages as provided by IWPCA.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including the FLSA claims.

Dated March 22, 2017                                              Respectfully Submitted,

By: /s/ David Fish
One of the Attorneys for the Plaintiffs

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563